IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**
AUG 30 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| SAMUEL HANDLEY, | ) |
| Plaintiff, | ) |
| vs. | ) CJ-2016-03138 |
| | ) MARY F. FITZGERALD |
| SOUTH LEWIS SH OPCO, LLC, | ) |
| A Domestic Limited Liability Company | ) ATTORNEY LIEN CLAIMED |
| d/b/a THE VILLAGES AT SOUTHERN | ) |
| HILLS, | ) |
| Defendant. | ) |

## PETITION

COMES NOW the Plaintiff, Samuel Handley, through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright of *Smolen, Smolen & Roytman, P.L.L.C*, and brings this action against the Defendant for violations of his constitutionally protected rights arising out of his employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Oklahoma and resides in Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

2. Defendant South Lewis SH OPCO, LLC is a domestic limited liability company doing business in Tulsa County, Oklahoma and employ over fifty (50) employees. Defendant South Lewis SH OPCO, LLC operates under the trade name, The Villages at Southern Hills, located at 5721 S. Lewis Avenue, Tulsa, OK 74105.

3. The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission exhausting claims of wrongful termination based upon his race as well as disparate treatment and discipline based upon race. The



EXHIBIT A

Plaintiff received a Notice of Right to Sue on or around June 3, 2016 and this Petition has been filed within ninety (90) days of his receipt of said Notice.

4. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. 2617 et seq.

8. Compensatory damages, liquidated damages, equitable relief, costs, punitive damages and attorney's fees may be awarded pursuant to 25 O.S. § 1350(c) and 42 U.S.C. § 1981(b) and 42 U.S.C. § 2000 et seq.

9. Liquidated damages are sought pursuant to 29 U.S.C. 2617 et seq. for Defendant's willful violation of the FMLA.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff, Samuel Handley, incorporates as if realleged Paragraphs 1-9.

11. Plaintiff was employed with Defendant as a Dietary Aid, working in the kitchen preparing meals for the elderly residents living in Defendant's facility. He was hired in June of 2012.

12. The Plaintiff received positive performance reviews throughout his employment and was never disciplined until his return from FMLA leave, during which he had open heart surgery.

13. The Defendant granted Plaintiff's leave, however upon his return from leave under the FMLA on or around November 20, 2013, he issued three consecutive disciplinary actions. In the third disciplinary action, issued on January 21, 2014, he was suspended for three days without pay and then ultimately terminated from his employment. He was never permitted to return to work after his suspension.

14. The Plaintiff believes the consecutive unwarranted disciplinary actions and discharge were a willful violation of the Family Medical Leave Act, 29 U.S.C. 2617 et seq. The Plaintiff believes Defendant willfully retaliated against him for taking protected leave and terminated his employment as a result.

15. The Plaintiff was also treated disparately compared to his non-African American coworkers with respect to discipline, light duty assignments and his discharge.

16. Michael, a coworker who also worked in the kitchen and is Caucasian, repeatedly acted unprofessional toward co-workers, yelling at them, using foul language and even threatened to kill a female employee and was not disciplined or terminated. The Plaintiff is also aware of two Hispanic employees, Daniel and a female, who worked in the dietary department with the Plaintiff who were permitted to work on light duty after being injured. When the Plaintiff returned from his FMLA leave, he was issued restrictions. The Plaintiff was not permitted to return to work until he had a full release from his physician. The Plaintiff was forced to obtain a full release despite not being ready to return to full duty to avoid being discharged.

17. The Plaintiff was suspended from work and later fired when he allegedly failed to have meals prepared and ready for lunch for residents when the State was present for audits of the facility. However, the Plaintiff was working in the satellite kitchen, was not

responsible for the preparation of the food that day and was waiting on the food to arrive from the main kitchen. When it arrived, the meals were incorrect. The Plaintiff's Caucasian supervisor, Rex Morris, who was ultimately responsible for the preparation and accuracy of the meals, was not disciplined and the Plaintiff was terminated from his position.

18. The Plaintiff believes that Caucasian manager, Lee Sudbeck, discriminated against him based upon his race and willfully retaliated against him for taking protected leave under the FMLA.

## FIRST CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF THE FMLA

19. Plaintiff, Samuel Handley, incorporates as if realleged Paragraphs 1-18.

20. By unfairly and willfully terminating the Plaintiff's employment in retaliation for his exercising his right to FMLA, the Defendant has violated 29 U.S.C. § 2601 et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Liquidated damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
c. His attorney fees and the costs and expenses of this action;
d. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## DISPARATE TREATMENT AND WRONGFUL TERMINATION BASED UPON RACE IN VIOLATION OF TITLE VII

21. Plaintiff, Samuel Handley, incorporates as if realleged Paragraphs 1-20.

22. Plaintiff's discharge was a direct result of the Defendants discriminatory application of work policies and practices. These employment practices resulted in the

disparate treatment of African-American employees working for the Defendant. Caucasian and Hispanic employees were given preferential treatment with regards to the discipline, light duty and termination from employment, and the application of the Defendant's own employment policies and practices.

23. By treating the Plaintiff differently than similarly situated Caucasian employees and terminating his employment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. Nominal Damages;
e. His attorney fees and the costs and expenses of this action;
f. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### WRONGFUL TERMINATION BASED UPON RACE IN VIOLATION OF 42 U.S.C. § 1981

24. Plaintiff, Samuel Handley, incorporates as if realleged Paragraphs 1-23.

25. By terminating the Plaintiff's employment based upon his race and treating Plaintiff's non-African American coworkers better with respect to the terms and conditions of their employment, the Defendant has violated 42 U.S.C. § 1981.

WHEREFORE, plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. Nominal Damages;
e. His attorney fees and the costs and expenses of this action;

  f.  Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE IN VIOLATION OF THE OADA 25 O.S. § 1301 *et seq*

26. Plaintiff incorporates the preceding paragraphs as if realleged.

27. By disciplining Plaintiff and terminating Plaintiff's employment for conduct which he did not commit while failing to discipline and/or terminate the employment of Plaintiff's Caucasian and non-African American coworkers, the Defendant has violated the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301, et seq.

  WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a.  Back pay and lost benefits; front pay until normal retirement
    b.  Liquidated damages for Defendant's willful actions;
    c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d.  His attorney fees and the costs and expenses of this action;
    e.  Such other relief as the Court deems just and equitable.

  WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the time of filing suit, liquidated damages in excess of Seventy-Five Thousand Dollars ($75,000.00), Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses; Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management, equitable relief, the costs of bringing this action, a reasonable attorney's fee, along with such other relief as deemed just and equitable.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

/s/ Daniel E. Smolen

Daniel E. Smolen (OBA#19943)
Lauren G. Lambright, (OBA#22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff